IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MORLOCK, L.L.C. A TEXAS LIMITED LIABILITY COMPANY | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No.: 4:12-cv-1585 |
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., TRUSTEE, | ) ) ) | |
| Defendant. | ) | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

1. State when the conference of the parties required by Rule 26(f) was held, and identify the counsel who represented each party.

    July 27, 2012 between Jerry L. Schutza, for the Plaintiff, and Graham W. Gerhardt and J. Riley Key, for Defendant, The Bank of New York Mellon Trust Company, N.A. as Trustee ("BONYM").

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

    N/A

3. Briefly describe what this case is about.

    Plaintiff's Complaint seeks declaratory relief invalidating the Defendant's interest in the property at issue. Plaintiff also requests injunctive relief to prevent the Defendant from taking any action to sell the property or interfering with the Plaintiff's use of the property. In support of these requests, Plaintiff asserts that the assignment by Mortgage Electronic Registration Systems, Inc. ("MERS") to the Defendant was invalid because MERS was not the holder of the original promissory note that was secured by the Deed of Trust. Defendant denies Plaintiff's allegations and contends that Plaintiff is not entitled to any relief, injunctive or otherwise.

4. Specify the allegation of federal jurisdiction.

    Diversity Jurisdiction.

1

5.  Name the parties who disagree and the reasons.

    None.

6.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    N/A.

7.  List anticipated interventions.

    N/A.

8.  Describe class-action issues.

    N/A.

9.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    The parties agree to make Rule 26(a) initial disclosures by August 31, 2012.

10. Describe the proposed agreed discovery plan, including:

    (A) Responses to all the matters raised in Rule 26(f).

    Counsel submit the following proposed discovery plan:

    (B) When and to whom the Plaintiff anticipates it may send interrogatories.

    Plaintiff anticipates that it may propound interrogatories to Defendant by August 31, 2012.

    (C) When and to whom the Defendant anticipate it may send interrogatories.

    Defendant anticipates that it may propound interrogatories to Plaintiff by August 31, 2012.

    (D) Of whom and by when the Plaintiff anticipates taking oral depositions.

    At this time, Plaintiff anticipates taking oral depositions of a corporate representative for the Defendant and any of the Defendant's expert witnesses, and expects to do so before the close of discovery.

(E) Of whom and by when the Defendant anticipates taking oral depositions.

At this time, Defendant anticipates taking oral depositions of a corporate representative of the Plaintiff and any of the Plaintiff's expert witnesses, and expects to do so before the close of discovery.

(F) When the Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

Plaintiff will designate experts on or before November 19, 2012.

Defendant will designate experts on or before December 21, 2012.

(G) List expert depositions the Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Plaintiff anticipates deposing Defendant's designated expert(s) on before February 25, 2013.

(H) List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Defendant anticipates deposing Plaintiff's expert(s) on or before January 28, 2013.

11. If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.

N/A.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

No discovery has been undertaken at this time.

13. State the date the planned discovery can reasonably be completed.

Discovery should be completed by March 4, 2013.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

The parties have discussed the possibility of a prompt resolution. The parties do not believe that mediation is appropriate at this time, but that it may be appropriate as the case progresses.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    Counsel for the parties have discussed the possibility of a prompt resolution with each other and with their clients. The parties do not believe that mediation is appropriate at this time, but that it may be appropriate as the case progresses.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

    Mediation, if necessary, may be appropriate after some discovery has been conducted.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties do not wish for a magistrate judge to hear this trial.

18. State whether a jury demand has been made and if it was made on time.

    Plaintiff has not requested a jury trial.

19. Specify the number of hours it will take to present the evidence in this case.

    Plaintiff anticipates it will need 4 hours to present its evidence in this case. Defendant anticipates that it will need 4 hours to present its evidence in this case.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    Defendant's Motion for Judgment on the Pleadings.

21. List other motions pending.

    None.

22. Indicate other matters peculiar to this case, include discovery, that deserve the special attention of the court at the conference.

    None known at this time.

23. List the names, bar numbers, addresses, and telephone numbers of all counsel.

    **Jerry L. Schutza**
    **SBN: 17853800**
    **11 Greenway Plaza, Suite 2820**
    **Houston, Texas 77046**
    **Telephone: (713) 961-1200**

    **Graham W. Gerhardt**
    **Federal Bar #:  1138806**
    **J. Riley Key**
    **Federal Bar #: 1365897**
    **Bradley Arant Boult Cummings LLP**
    **1819 Fifth Avenue, North**
    **Birmingham, Alabama  35203-2119**
    **Telephone: (205) 521-8000**


   **/s/ Jerry Schutza**                         **07/27/12**
Counsel for Plaintiff                           Date


   **/s/ Graham Gerhardt**                 **07/27/12**
Counsel for Defendant                    Date