IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MORLOCK, L.L.C. A TEXAS** | § | |
| **LIMITED LIABILITY COMPANY** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:12-cv-1585** |
| | § | |
| | § | |
| **THE BANK OF NEW YORK MELLON** | § | |
| **TRUST COMPANY, N. A., TRUSTEE** | § | |
| **Defendant.** | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT
BANK OF NEW YORK MELLON TRUST
COMPANY, N.A., TRUSTEE'S RULE 12 MOTION TO DISMISS
AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Morlock, L.L.C., ("Morlock") files this Response to Defendant Bank of New York Mellon

Trust Company, N.A., Trustee's ("BNY")Motion to Dismiss for failure to state a claim upon which

relief can be granted pursuant to F.R.C.P. 12 ("Motion to Dismiss") and Motion for Leave to File

Amended Complaint.

## PROCEDURAL HISTORY AND SUMMARY OF CASE

1.      This lawsuit involves the title to the real property (the "Property") located at 1858

Augusta, Houston, Texas, and which is legally described as:

> Lot sixty-five (65), Building 9, of Augusta Village Townhomes, Section 2,
> according to the map or plat thereof filed for record in Harris County, Texas.

2.      Morlock is the owner of the Property.

3.      Defendant BNY claims to be the owner and holder of a note which it also claims to

be secured by a Deed of Trust lien on the Property.

4.       Morlock seeks a determination of whether BNY is the owner and holder of the Note, to determine the validity of the lien and to strike and to cancel the lien as a cloud on Morlock's title to the Property.

5.       Morlock also sought injunctive relief pending the Court's determination of the title.

6.       Morlock originally filed this action in the 55th Judicial District Court of Harris County, Texas, under Cause No. 2012-19364.

7.       Defendant subsequently filed a Notice of Removal to this Court.

## BACKGROUND FACTS

8.       On February 9, 2006, Mingfeng Zhu and Tsen Hung Timothy So executed and delivered a promissory note (the "Note"), payable to the order of Franklin Bank, SSB.

9.       To secure the Note, the grantors also executed a Deed of Trust (the "Deed of Trust") on the Property, which was recorded in the Real Property Records of Harris County, Texas. A copy of the Deed of Trust is attached to Defendant's Motion to Dismiss.

10.      The Deed of Trust also includes the following language:

"MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this security instrument. MERS is organized and existing under the laws of Delaware and has and address and telephone number of P.O. Box 2026, Flint, MI 48501-2-26, telephone (888) 679-MERS.

11.      The Deed of Trust was filed of record under Clerk's File Number Z094641 in the Real Property Records of Harris County, Texas. This Deed of Trust was allegedly assigned to Defendant, BNY, not by Franklin Bank, SSB, but by MERS.[1]

---

[1] The legality of actions taken by MERS is especially suspect in light of the recent lawsuit filed by the New York Attorney General in which he accuses MERS of fraud in its handling of mortgage transfers. The case was filed in the Supreme Court of the State of New York and styled *The People of the State of New York by Eric T. Schneiderman Attorney General for the State of New York v. JP Morgan Chase Home Financial, LLC.*

## PROCEDURAL STANDARDS FOR RULE 12(B)(6) MOTIONS

12.     A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004). The Fifth Circuit "has consistently disfavored dismissal under Rule 12(b)(6)." *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). In reviewing a Rule 12(b)(6) motion, a court must liberally construe the complaint in favor of the Plaintiff. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982); *Campbell v. Wells Fargo Bank*, 781 F.2d 400, 442 (5th Cir. 1986). A court must accept as true all allegations pleaded in the complaint. *Ballard v. Wall*, 413 F.3d 510, 514 (5th Cir. 2005).

13.     A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 127 S. Ct. 1955, 1969, 167 L.Ed.2d 929 (2007). A claim may not be dismissed solely because the court believes that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id.* at n.8. Although detailed factual allegations are not required, the complaint must be factually suggestive so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id.* at 1965-66, and n. 5. Further, amendments to the complaint are generally allowed to cure deficiencies. *Williams v. Riley*, 275 Fed.Appx. 385, 387 (5th Cir. 2008); *Jackson v. Procunier*, 789 F.2d 307, 309-10 (5th Cir. 1986). Plaintiffs meet this burden.

14.     Even assuming Plaintiffs' Complaint "is vulnerable to a 12(b)(6) dismissal, a district court must permit a curative amendment, unless the amendment would be inequitable or futile."

*Travelers Indem. Co. v. Dammann & Co.,* 594 F3d. 238, 256 n. 14 (3rd Cir. 2010).  This rule applies

"even if the plaintiff does not seek leave to amend." *Id.*

## PLAINTIFF MORLOCK HAS STATED A CAUSE OF
## ACTION TO REMOVE A CLOUD ON TITLE

15.     In its petition, Morlock has requested that the Court determine the rights of the parties

in the Property and has requested:

> ".. a judgment which strikes and cancels any interest that the Bank of New York
> Mellon has in the Deed of Trust as a cloud on Morlock's title to the Property."

16.     An action to remove a cloud from title exists to remove from his title "any unlawful

hindrance having the appearance of a better right." *Bell v. Ott*, 606 S.W.2d 942, at 952 (Tex. App.

– Waco 1980, writ ref'd. n.r.e.) (Quoting *Thompson v. Locke,* 66 Tex. 383, 1 S.W. 112, 115 (1886).

17.     "A cloud on title exists when an outstanding claim or encumbrance is shown, which

on its face, if valid, would affect or impair the title of the owner of the property." *Angell v. Vailey,*

225 S.W.3rd 834, 838 (Tex. App. – El Paso 2007, no pet.).

18.     Any instrument that purports to convey an interest in or make any change in title to

real property, is a cloud on the title of the owner of the property which may be determined in an action

to strike or remove the cloud. *Johnson v. Williams,* No. 01-05-00445-cv, 2006 WL1653656 at *4

(Tex. App. – Houston [14th Dist.] 2006, pet. denied).

19.     Defendant BNY claims to be the holder of a Deed of Trust lien on the Property.

20.     Morlock's action to "strike and cancel" the Deed of Trust certainly states a cause of

action to remove a cloud on title.

4

### MORLOCK HAS STANDING BECAUSE  AN OWNER OF REAL PROPERTY
### HAS STANDING TO QUESTION A CLOUD ON HIS TITLE

21.     Under Texas law, a party must have standing to challenge a foreclosure sale.  In most circumstances a foreclosure sale can only be challenged by either the mortgagor or a party who is in privity with the mortgagor. *Goswami v. Metropolitan Sav. & Loan Assn.,* 751 S.W.2d 487 (Tex. 1988).

22.     The *Goswami* case, goes on to hold that when a "[T]hird party has a property interest, whether legal or equitable that will be affected by such a sale, the third party has standing to challenge such a sale to the extent that its rights will be affected by the sale." *Id.,* at 586.

23.     The case of *McCalla v. Ski River Development, Inc.,* 239 S.W.3d 374 (Tex. App. - Waco 2007, no pet) discusses the issue of standing.  In that case the Plaintiff sought a declaratory judgment to determine the validity of a purchase option contract.  The Plaintiff was not a party to the contract.  The Defendant claimed that the Plaintiff lacked standing to seek declaratory relief because the Plaintiff was not a party to the purchase option contract.  The Court held that the Plaintiff had standing to determine the rights of the parties and stated:

> ...[S]ection 37.004(a) of the Declaratory Judgment Act provides in pertinent part, "A person...whose rights, status or other legal relations are affected by a... contract... may have determined any question of construction or validity arising under the...contract...and obtain a declaration of rights status or other legal relations thereunder" Tex. Civ. Prac. & Rem Code Ann. §37.004(a) (Vernon 1997).

*Id.* at 380.

24.     A person who's rights are "affected" by a contract and which affects real property may seek declaratory relief to determine the validity of the contract even though he/she is not a party to the contract. *Id.*

5

25.    In the present case, it is unquestioned that Morlock, as the owner of the Property has rights in the Property and those rights would be affected by the foreclosure of the Deed of Trust.

26.    Morlock is stating that Defendant BNY is not the owner and holder of the Note and therefore, has no right to foreclose the lien.

27.    As the owner of the Property, Morlock has the right to determine the validity of liens against its own property.

**MORLOCK DOES NOT SEEK BIFURCATION OF THE NOTE AND
DEED OF TRUST AS CLAIMED BY DEFENDANT**

28.    In its Motion to Dismiss, Defendant BNY claims that Morlock is making a "bifurcation claim."

29.    In order to clarify Morlock's position and to avoid any misunderstanding, Morlock is not asserting any claim based on the bifurcation of the Note and Deed of Trust.

30.    Defendant BNY claims to be the owner and holder of the Note and Deed of Trust.

31.    It is Morlock's claim that, upon the information available to Morlock that Defendant BNY is not the owner and holder of the Note and because it is not the owner and holder of the note, it has no right to enforce the Deed of Trust.

32.    Any confusion on this matter is caused by the documents in this case.  The Deed of Trust states that the Note was payable to the Lender which is Franklin Bank, SSB. The Deed of Trust, however, states that MERS is the "nominee" for the Lender Franklin Bank, SSB, and the beneficiary of the "Security Instrument."

33.    It is interesting that Defendant BNY did not attach a copy of the Note.

6

34.     The validity of assignments signed by MERS has been the subject of litigation in both state and Federal Court.

35.     The MERS role in the mortgage industry has been described as follows:

> In 1993, the MERS system was created by several large participants in the real estate mortgage industry to track ownership interests in residential mortgages. Mortgage lenders and other entities, known as MERS members, subscribe to the MERS system and pay annual fees for the electronic processing and tracking of ownership and transfers of mortgages. Members contractually agree to appoint MERS to act as their common agent on all mortgages they register in the MERS system.

> The initial MERS mortgage is recorded in the County Clerk's office with 'Mortgage Electronic Registration Systems, Inc.' name as the lender's nominee or mortgagee of record on the instrument. During the lifetime of the mortgage, the beneficial ownership interest or servicing rights may be transferred amount MERS members (MERS assignments), but these assignments are not publicly recorded; instead they are tracked electronically in MERS's private system. In the MERS system, the mortgagor is notified of transfers of servicing rights pursuant to the Truth in Lending Act, but not necessarily of assignments of the beneficial interest in the mortgage.

> *Merscorp, Inc., v. Romaine,* 8 N.Y.3d 90, 828 N.Y.S.2d 266, 861 N.E.2d (N.Y. 2006) (footnotes omitted).

36.     The role of MERS and the validity of an assigment signed by MERS is discussed at length in the case of *In re Agard,* 444 B.R.231 (Bankrtcy. E.D. N.Y. 2011). In the *Agard* case the Court held that an assignment of a mortgage by MERS was insufficient to transfer a Note and was also insufficient to allow the foreclosure of a mortgage.

37.     The Court stated, "[T]he Assignment of Mortgage is not sufficient to establish an effective assignment of the Note". *Id.,* at 245. As in the present case, the assignment has been signed by MERS.

7

38.     Based solely on an assignment or transfer of lien signed by MERS, there is insufficient evidence to establish a valid lien on real property. *Id.*

39.     The Court stated "[B]y naming MERS a "nominee" and/or "mortgagee of record" did not bestow authority upon MERS to assign the mortgage." *Id.*, at 252.

40.     The language in the Deed of Trust in the present case is virtually the same as the language in *Agard,* supra, case. MERS is a "nominee." This designation is insufficient as a matter of law for MERS to assign the Deed of Trust.

41.     The role of MERS has also been the subject of litigation in state courts.

42.     In *Bellistri v. Ocwen Loan Servicing, L.L.C.,* 284 S.W.3d 619 (Mo. App. E.D. 2009) the Court stated that MERS did not have the authority to transfer the Note and the language in the mortgage "purporting to transfer the promissory note is in effective." *Id.,* at 624. The language was similar to the present case.

43.     In *Landmark Nat. Bank v. Kesler,* 216 P.3d 158 (Kan. 2009), the Supreme Court of Kansas held that an assignment by MERS was invalid. The Court discussing what authority MERS had where it was named as "nominee" stated as follows:

> The parties appear to have defined the word in much the same way that the blind men of Indian legend described an elephant - their description depended on which part they were touching at any given time.

> *Id.,* at 165

44.     See also *MERS v. Southwest Homes of Arkansas, Inc.,* 301 S.W.3d 1 (Ark. 2009) which held that a designation of MERS as a "nominee" conveys no property interest and MERS has no right to assign or transfer a note or lien.

45.     In the present case, Defendant BNY did not attach any documents signed by Franklin Bank, SSB who was the original lender. Unless and until there is evidence that the Note was endorsed by Franklin Bank, SSB, there is and was no valid negotiation or endorsement of the Note to BNY.

46.     This determination, however, is not to be determined under a Rule 12 Motion. In response to the Motion, Morlock is not required to prove its case. The Court's determination in response to the Motion is simply whether Plaintiff has stated a cause of action. As stated above, Morlock has stated a cause of action.

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

47.     In addition to, and without conceding Defendant's Motion to Dismiss, Plaintiff's request for leave of Court to file Plaintiff's First Amended Complaint.

48.     Fed.R.Civ.P. 15(a)(2) provides that a party may amend its pleadings only with the opposing party's written consent or with leave of Court. Fed.R.Civ.P. 15(a)(2). The Court should "freely give leave when justice so requires." *Id.* If the underlying facts or circumstances relied upon by the movant may be a proper subject of relief, the movant ought to be afforded an opportunity to test his claim on the merits. *Foman v. Davis,* 371 U.S.178, 182, 83 S.Ct. 227, 230 (1972). Unless there is a reason such as undue delay, bad faith, or a dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, futility of amendment etc.- the leave sought should, as the rules require, be freely given. *Id.*

49.     Delay alone is an insufficient for denial of leave to amend pleadings; there must be "undue delay," i.e., delay which prejudices the nonmovant or imposes unwarranted burdens on the Court. *See Mayeaux v. Louisiana Health Serv. and Indem. Co.,* 376 F.3d 420, 426-27 (5th Cir. 2004).

Amendments that merely propose alternative legal theories for recovery on the same set of underlying facts generally should be permitted, as they advance policy of promoting litigation on the merits, rather than on procedural technicalities; however, amendments that would fundamentally alter the nature of the case may be denied if the circumstances warrant. *Mayeaux,* 376 F.3d at 427.

50.     Accordingly, Plaintiff respectfully requests leave of Court to amend its pleadings to add more specific factual allegations against Defendant in support of Plaintiff's claims.  Attached hereto as Exhibit "A" is Plaintiff's First Amended Complaint.  If the Court grants the Motion for Leave, Plaintiff requests that the attached Exhibit be filed instantor as if independently filed.

WHEREFORE, Morlock, L.L.C., requests that the motion be denied.

Respectfully submitted,

By:    */s/ Jerry L. Schutza*
         Jerry L. Schutza
         State Bar No. 17853800
         11 Greenway Plaza, Suite 2820
         Houston, Texas  77046
         (713) 961-1200
         (713) 961-0941 (Fax)
**ATTORNEY FOR PLAINTIFF**
**MORLOCK, L.L.C.**

10

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was sent to opposing counsel and all parties of interest via facsimile, regular and/or certified mail, return receipt requested on July 31st, 2012.

**_Via Fax (205) 488-6393_**
Graham W. Gerhardt
One Federal Place
1819 Fifth Avenue, North
Birmingham, AL 35203

_/s/ Jerry L. Schutza_

J:\Klein, David\1858 Augusta\Pleadings\Pls Res to BNY's Rule 12(b)(6).wpd

11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MORLOCK, L.L.C. A TEXAS** | § | |
| **LIMITED LIABILITY COMPANY** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:12-cv-1585** |
| | § | |
| | § | |
| **THE BANK OF NEW YORK MELLON** | § | |
| **TRUST COMPANY, N. A., TRUSTEE** | § | |
| **Defendant.** | § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Morlock, L.L.C., a Texas Limited Liability Company, Plaintiff files this First Amended Complaint.

### PARTIES

1.      Plaintiff is Morlock, L.L.C., a Texas Limited Liability Company ("Morlock").

2.      Defendant is Bank of New York Mellon Trust Company N.A.,Trustee ("BNY") is a foreign corporation organized and existing under the laws of the State of New York who has previously appeared.

### NATURE OF SUIT

3.      Plaintiff is the owner of a certain tract of land located in Harris County, Texas, (the "Property") which is known as:

> Lot sixty-five (65), Building 9, of Augusta Village Townhomes, Section 2, according to the map or plat thereof filed for record in Harris County, Texas.

4.      Morlock is the owner of the Property.

5.      Defendant BNY claims to be the owner and holder of a note which it also claims to be secured by a Deed of Trust lien on the Property.

6.     Morlock seeks a determination of whether BNY is the owner and holder of the Note, to determine the validity of the lien and to strike and cancel the lien as a cloud on Morlock's title to the Property.

## BACKGROUND FACTS

7.     On February 9, 2006, Mingfeng Zhu and Tsen Hung Timothy So executed and delivered a promissory note (the "Note"), payable to the order of Franklin Bank, SSB.

8.     To secure the Note, the grantors also executed a Deed of Trust (the "Deed of Trust") on the Property, which was recorded in the Real Property Records of Harris County, Texas.  A copy of the Deed of Trust is attached to Defendant's Motion to Dismiss.

9.     The Deed of Trust also includes the following language:

> "MERS" is Mortgage Electronic Registration Systems, Inc.  MERS is a separate corporation that acting solely as a nominee for Lender and Lender's successors and assigns.  MERS is the beneficiary under this security instrument.  MERS is organized and existing under the laws of Delaware and has and address and telephone number of P.O. Box 2026, Flint, MI 48501-2-26, telephone (888) 679-MERS.

10.     The Deed of Trust was filed of record under Clerk's File Number Z094641 in the Real Property Records of Harris County, Texas.  This Deed of Trust was allegedly assigned to Defendant, BNY, not by Franklin Bank, SSB, but by MERS.[1]

---

[1] The legality of actions taken by MERS is especially suspect in light of the recent lawsuit filed by the New York Attorney General in which he accuses MERS of fraud in its handling of mortgage transfers.  The case was filed in the Supreme Court of the State of New York and styled *The People of the State of New York by Eric T. Schneiderman Attorney General for the State of New York v. JP Morgan Chase Home Financial, LLC.*

2

## REMEDIES

11.     Morlock seeks a judgment to determine whether Bank of New York Mellon Trust

Company, N.A., Trustee is the owner and holder of the Note and lien, to determine the validity of the

lien and to strike and cancel the Deed of Trust as a cloud on Morlock's title to the Property.

12.     Plaintiff has retained the attorney whose name is subscribed to this petition to represent

the Plaintiff in this action and has agreed to pay the firm a reasonable fee for the necessary services.

An award of attorney's fees to the Plaintiff would be equitable and just.

WHEREFORE, Morlock, L.L.C., Plaintiff requests that Defendant Bank of New York Mellon

Trust Company, N.A., Trustee  be given notice as required by law; that the Court issue a Preliminary

Injunction as requested herein; that upon final hearing, Plaintiff be granted relief as it may show itself

justly entitled.

Respectfully submitted,


By:   */s/ Jerry L. Schutza*
        Jerry L. Schutza
        State Bar No. 17853800
        11 Greenway Plaza, Suite 2820
        Houston, Texas  77046
        (713) 961-1200
        (713) 961-0941 (Fax)

**ATTORNEY FOR PLAINTIFF**
**MORLOCK, L.L.C.**

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was sent to opposing counsel and all parties of interest via facsimile, regular and/or certified mail, return receipt requested on July 31st, 2012.

**_Via Fax (205) 488-6393_**
Graham W. Gerhardt
One Federal Place
1819 Fifth Avenue, North
Birmingham, AL 35203


/s/ Jerry L. Schutza

J:\Klein, David\1858 Augusta\Pleadings\Pls 1st Amended Complaint.wpd

4