IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MORLOCK, L.L.C. A TEXAS LIMITED LIABILITY COMPANY** ) ) ) Plaintiff, ) ) v. ) ) **THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., TRUSTEE,** ) ) ) Defendant. ) | C.A. No.: 4:12-cv-1585 |

**DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF ITS RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**

   **COMES NOW** defendant The Bank of New York Mellon Trust Company, N.A., as Trustee ("BONYM"), and submits this reply brief in further support of its Rule 12(c) Motion for Judgment on the Pleadings. None of the arguments Plaintiff makes in its opposition provides any basis for denying BONYM's motion. Thus, just as in the nearly-identical lawsuit filed by this same plaintiff, the Complaint should be dismissed with prejudice. See Morlock, L.L.C. v. Bank of America, N.A., Civil Action No. H-12-0364, 2012 WL 1640895 (S.D. Tex. May 8, 2012).

**A.   Plaintiff's Quiet Title Claim Fails**

   As set forth in BONYM's initial brief, "[t]o quiet title in his favor, the plaintiff 'must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference.'" Bell v. Bank of America Home Loan Servicing, 2012 WL 568755, at *7 (S.D. Tex. Feb. 21, 2012) (citing Wells v. BAC Home Loans Servicing, L.P., 2011 WL 2163987, at *4 (W.D. Tex. Apr. 26, 2011)). "A

1

plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not the weakness of his adversary's title." Bell, 2012 WL 586755, at *7 (citing cases); Swim v. Bank of America, N.A., 2012 WL 170758, at *8 (N.D. Tex. Jan. 20, 2012).  Here, Plaintiff has not alleged facts establishing its right, title, or ownership of the Property.  Plaintiff simply makes the conclusory assertion, both in its original Complaint and in its proposed Amended Complaint, that it "is the owner of the Property." (See Opposition, ¶ 2).  Plaintiff does not allege when or how it allegedly received title to the Property -- much less how it can claim to have superior title.  Plaintiff's quiet title claim therefore fails as a matter of law.

Pleading defects aside, Plaintiff's quiet title claim fails on the merits.  As support for its argument that it has a viable claim for quiet title, Plaintiff alleges that BONYM "is not the owner and holder of the Note and because it is not the owner and holder of the note, it has no right to enforce the Deed of Trust." (See Opposition, ¶ 31).  Plaintiff further asserts that BONYM, in its motion for judgment on the pleadings, "did not attach any documents signed by Franklin Bank, S.S.B who was the original lender" and claims that "[i]t is interesting that Defendant [BONYM] did not attach a copy of the Note."  (Opposition, at ¶¶ 33, 45).  To the contrary, a copy of the Note -- endorsed by the original lender, Franklin Bank, S.S.B -- was attached as Exhibit A to BONYM's motion for judgment on the pleadings.

Plaintiff's argument about MERS also fails.  On this point, Plaintiff argues in its opposition that Franklin Bank is the only entity that could assign the Deed of Trust, and therefore that any assignment of the Deed of Trust by MERS is void.  The Deed of Trust itself is directly to the contrary, stating as follows:

> MERS holds only legal title to the interest granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell

>     the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

(See Deed of Trust, p. 2). MERS, as beneficiary under the Deed of Trust and holder of legal title to the Property, clearly had authority to assign the Deed of Trust. See Warren v. Bank of America, N.A., 2012 WL 3020075, at * (N.D. Tex. Jun. 19, 2012) ("MERS had the authority to assign the note and deed of trust because the deed of trust named MERS as a beneficiary and nominee for the original lender and its successors and assigns, and granted it the right to sell and foreclose on the property."); Goines v. CIT Group, Fin., Assignor, 2012 WL 1551712, at *5 (S.D. Tex. May 1, 2012) ("[B]ecause the Deed of Trust authorized MERS to foreclose, sell, and 'to take any action required of the Lender,' Plaintiff's implied challenge of MERS's assignment is baseless."); Williams v. Bank of New York Mellon Trust Co., N.A., 2012 WL 1425127, at *2 (S.D. Tex. Apr. 24, 2012); James v. Wells Fargo Bank, N.A., 2012 WL 778510, at *3 (N.D. Tex. Mar. 12, 2012).[1]

For these reasons, BONYM's motion for judgment on the pleadings should be granted and the Complaint should be dismissed with prejudice.

**B.      Plaintiff's Request For Leave To Amend Should Be Denied**

Plaintiff also requests in its opposition brief that the Court allow him leave to amend the Complaint. The Court should deny this request because amendment would be futile.

As Plaintiff notes, leave to amend is improper under FED. R. CIV. P. 15 if amendment would be futile. See United States ex rel. Adrian v. Regents of the Univ. of Cal., 363 F.3d 398,

---

[1] Regardless, Plaintiff does not have standing to challenge the assignments, as Plaintiff was not even a party to the mortgage, much less a party to the assignment of the mortgage. See Morlock v. Bank of America, N.A., 2012 WL 1640895, at *4 (S.D. Tex. May 8, 2012); Swannie v. Bank of New York, Mellon, 2012 WL 2942242, at *2 (N.D. Tex. Jul. 19, 2012); AcceleProperties, Inc. v. Litton Loan Servicing LP, 2012 WL 2958264, at *3 (S.D. Tex. Jul. 19, 2012).

403-04 (5th Cir. 2004) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); Landavazo v. Toro Co., 301 Fed.Appx. 333, 337 (5th Cir. 2008). In this context, the "futility" of a proposed amendment is reviewed under the "same standard of legal sufficiency as applies under Rule 12(b)(6)." Landavazo, 301 Fed.Appx. at 337 (citing cases). Thus, an amendment is futile and should not be allowed when "the proposed amended complaint could not survive a Fed. R. Civ. P. 12(b)(6) motion[.]" Id.

Here, Plaintiff's proposed Amended Complaint actually eliminates many of the factual allegations set forth in the live Complaint, which was insufficiently pleaded to begin with.[2] Plaintiff's proposed Amended Complaint would narrow the case to a determination of whether BONYM "is the owner and holder of Note," a determination of "the validity of the lien," and a request that the Court "strike and cancel the lien as a cloud on title." (See Proposed Amended Complaint at ¶¶ 6, 11). The only "factual" allegations in the proposed Amended Complaint are the same allegations in Plaintiff's opposition brief related to MERS's involvement with the loan. (See Proposed Amended Complaint at ¶¶ 8-9). As set forth above, those contentions are meritless.

The proposed Amended Complaint, just like the live Complaint, would fail to state a claim upon which relief can be granted. As such, Plaintiff's request for leave to amend should be denied on the basis of futility.

---

[2] Plaintiff took this identical approach and made identical allegations in Morlock, LLC v. Bank of America, N.A., Civil Action No. H-12-0364, 2012 WL 1640895 (S.D. Tex. May 8, 2012). In that case, the court pointed out that "[i]n the proposed amendment, Morlock would not expand on his claim and the allegations in support thereof, but would, instead, truncate his allegations." Id. at *4 n.2. The court properly denied Morlock's request for leave to amend because "even if the amendment…were allowed, dismissal of Morlock's quiet title claim would still be warranted." Id.

1/2366037.1

**WHEREFORE**, for the reasons set forth above and those set forth in BONYM's initial brief, BONYM requests that the Court dismiss Plaintiff's claims with prejudice.

Respectfully submitted,

**/s/ Graham Gerhardt**
Graham W. Gerhardt
(Bar No. 24075698)
(S.D. Tex. Admission No. 1138806)
ATTORNEY-IN-CHARGE FOR DEFENDANTS
D. Brian O'Dell
(Bar No. 24044319)
(S.D. Tex. Admission No. 638738)
J. Riley Key
(S.D. Tex. Admission No. 1365897)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

ATTORNEYS FOR BANK OF NEW YORK MELLON
TRUST COMPANY, N.A., AS TRUSTEE

## **CERTIFICATE OF SERVICE**

    I hereby certify that on August 3, 2012, I served a copy of the foregoing via the Court's electronic filing system to the following:

Jerry L. Schutza<br>
11 Greenway Plaza, Suite 2820<br>
Houston, Texas 77046

                                            **/s/ Graham Gerhardt**
                                            OF COUNSEL