United States District Court
Southern District of Texas
FILED

NOV 0 1 2012

David J. Bradley, Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MORLOCK, L.L.C. A TEXAS<br>LIMITED LIABILITY COMPANY<br>    Plaintiff, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 4:12-cv-1585 |
| | §<br>§ | |
| THE BANK OF NEW YORK MELLON<br>TRUST COMPANY, N. A., TRUSTEE<br>    Defendant. | §<br>§<br>§ | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Morlock, L.L.C., a Texas Limited Liability Company, Plaintiff files this First Amended Complaint.

### PARTIES

1.     Plaintiff is Morlock, L.L.C., a Texas Limited Liability Company ("Morlock").

2.     Defendant Bank of New York Mellon Trust Company N.A.,Trustee ("BNY") is a foreign corporation organized and existing under the laws of the State of New York who has previously appeared.

3.     Morlock has been informed by Defendant that BNY is the Trustee for the RAMP Mortgage Asset-Backed Pass-Through Certificates Series 2006-RS4 Trust (the "REMIC Trust"), which is a Real Estate Mortgage Investment Conduit ("REMIC").

### NATURE OF SUIT

4.     Plaintiff is the owner of a certain tract of land located in Harris County, Texas, (the "Property") which is known as:

> Lot sixty-five (65), Building 9, of Augusta Village Townhomes, Section 2, according
> to the map or plat thereof filed for record in Harris County, Texas.

5.      Morlock is the owner of the Property having acquired title to the Property at a Trustees sale conducted by the Augusta Village Townhomes Maintenance Association, Inc.

6.      Defendant BNY claims to be the owner and holder of a note which it also claims to be secured by a Deed of Trust lien on the Property.

7.      Morlock seeks a determination of the rights of the parties in the Property including whether BNY is the owner and holder of the Note and Deed of Trust lien which are described below.

## JURISDICTION AND VENUE

8.      This case was originally filed in the 55th Judicial District Court of Harris County, Texas.   Defendant removed the case to this Court on the basis of diversity pursuant to 28 U.S.C.§1332.

9.      Venue is proper in the Southern District of Texas because the real property which is the subject of this dispute is located in this district.

## INTRODUCTION AND STANDING

10.     BNY and the REMIC Trust, claim to be the owner and holder of a residential mortgage against the Property.   Morlock is the equitable and legal owner and title holder of the Property by virtue of a duly recorded Trustee's Deed, which title emanates from the sovereign. Morlock became the rightful owner and title holder of the Property pursuant to a regularly conducted non-judicial foreclosure of the lien securing the Augusta Village Townhomes Maintenance Association, Inc., and a Trustee's Deed duly recorded in the Real Property Records in and for Harris County, Texas, on August 5, 2011.

11.     Morlock alleges that BNY lacks standing and/or has no right to pursue the claims in this lawsuit, because the attempted transfers of the Note and Deed of Trust to BNY were and are **VOID** under the laws of the State of New York for numerous reasons alleged below. It is important to raise this distinguishing factor, Morlock is not seeking to attack transfers and assignments that are merely voidable and require an affirmative action to set aside. To the contrary, the transfers and assignments to BNY and the REMIC Trust by which they claim to be the owner and holder of the Note and Deed of Trust, require no affirmative action to set aside: they are *void ab initio* and simply have no force and effect.

12.     If any person or entity is entitled to assert the claims alleged by BNY as owner and holder of the Note and Deed of Trust, it is not BNY who is a complete stranger to the transactions and facts forming the basis of this dispute.

13.     Additionally, to the extent that any interest in the Note and/or Deed of Trust was transferred or assigned by a document executed by Mortgage Electronic Registration Systems ("MERS") such assignment is also void and without any effect.

14.     It is obvious that Morlock has an interest in the Property, as an owner which will be affected by this Court's determination of the claims and causes of action asserted in this case. Therefore, Morlock has standing to contest BNY's claim that it is the owner and holder of the Note and Deed of Trust. *See Goswami v. Metropolitan Sav. & Loan Assn., 751* S.W.2d 487, 489 (Tex. 1998); *Am. Sav. & Loan Ass'n v. Musick,* 531 S.W.2d 581, 586 (Tex.1976); and *Mercer v. Bludworth,* 715 S.W.2d 693, 698 (Tex.App.-Houston [1st Dist.] 1986, writ ref' d n.r.e.).

## BACKGROUND FACTS

15.     BNY claims to be the owner and holder of a promissory note (the "Note") in the

original principal sum of $121,600.00 secured by a Deed of Trust (the "Deed of Trust") on the Property.

16.     One issue involved in this dispute is whether BNY is the owner and holder of the Note and Deed of Trust and whether the transfers of the Note and Deed of Trust were property conducted under the Wall Street financing process known as "Securitization," under applicable law and under the documents which created the trust and under which BNY is required to operate.

17.     In order to ascertain whether BNY is the owner and holder of the Note and Deed of Trust, it is important to review and understand the process by which BNY claims to have become the owner and holder of the Note and Deed of Trust.

18.     Securitization is the practice of pooling and selling contractual debt obligations (receivables such as residential mortgages) to a specially created entity which is referred to as a REMIC ("Real Estate Mortgage Investment Conduit"). The entity is typically a trust. The trust pays for the receivables by issuing debt securities, variously referred to as certificates, bonds, pass-through securities, or Collateralized Mortgage Obligations (CMOs) to investors. The trust collects payments of principal and interest on the receivables, which it then uses to make payments to investors on their debt securities.

19.     Banks use a variety of structures for securitization trusts depending on the type of assets being securitized. All securitization structures are based on two overriding concerns; the First is ensuring favorable tax treatment under the Internal Revenue Code of the bank, the securitization trust, and the investors, ideally through the securitization trust having "pass-through" status. Pass-through status means that the securitization trust is not taxed on its own income when it is paid on the receivables. Rather, the owner of the securities is considered to be each investor and not the trust.

Second, is ensuring that the trust's assets are "bankruptcy remote," meaning that they are insulated from the claims of the bank's creditors or from subject to being set aside by the FDIC in the event that the bank becomes subject to receivership.

20.     On February 9, 2006, Mingfeng Zhu and Tsen Hung Timothy So executed and delivered a promissory note (the "Note"), payable to the order of Franklin Bank, SSB.

21.     To secure the Note, the grantors also executed a Deed of Trust (the "Deed of Trust") on the Property, which was recorded in the Real Property Records of Harris County, Texas.  A copy of the Deed of Trust is attached to Defendant's Motion.

22.     The Deed of Trust also includes the following language:

> "MERS" is Mortgage Electronic Registration Systems, Inc.  MERS is a separate corporation that acting solely as a nominee for Lender and Lender's successors and assigns.  MERS is the beneficiary under this security instrument.  MERS is organized and existing under the laws of Delaware and has and address and telephone number of P.O. Box 2026, Flint, MI 48501-2-26, telephone (888) 679-MERS.

23.     The Deed of Trust was filed of record under Clerk's File Number Z094641 in the Real Property Records of Harris County, Texas.  This Deed of Trust was allegedly assigned to Defendant, BNY, not by Franklin Bank, S.S.B., but by MERS.[1]

24.     On some undetermined date, Franklin Bank, S.S.B., signed an endorsement of the Note which states that the Note was assigned to Residential Funding Corporation.  Also, on another undetermined date, Residential Funding Corporation signed an endorsement to JP Morgan Chase Bank as Trustee.

---

[1] The legality of actions taken by MERS is especially suspect in light of the recent lawsuit filed by the New York Attorney General in which he accuses MERS of fraud in its handling of mortgage transfers.  The case was filed in the Supreme Court of the State of New York and styled *The People of the State of New York by Eric T. Schneiderman Attorney General for the State of New York v. JP Morgan Chase Home Financial, LLC.*

25.     In the Declaration which was provided by BNY to Plaintiff, BNY disclosed that it was acting as Trustee for the REMIC Trust.

26.     On or about June 28, 2006, the RAMP Mortgage Asset-Backed Pass-Through Certificate Series 2006-RS4, the REMIC Trust in this case, came into existence.  On that date Residential Funding Corporation, as Master Servicer, Residential Asset Mortgage Products, Inc. as Depositor, and JP Morgan Chase Bank, N.A., as Trustee, entered into a Pooling and Servicing Agreement (the "PSA") which established and created the REMIC Trust which was organized and controlled under the laws of the State of New York.

27.     Section 11.04 of the PSA states as follows:

"This agreement and the certificates shall be governed by and construed in accordance with the laws of the State of New York and the obligations, rights, and remedies of the parties hereunder shall be determined in accordance with such laws..."

28.     The PSA also prohibits the REMIC Trust from acquiring any assets after the Closing Date.

29.     Under Section 1.01 of the PSA , entitled "Definitions", the Closing Date under the PSA was defined as June 28, 2006.  Morlock alleges on information and belief, that attempts were made to convey the Note and Deed of Trust to the Trust, but such attempts did not occur until long after the Closing Date.  On information and belief, Morlock alleges that no Opinion of Counsel has been obtained regarding the belated assignment to the Trust of the Note and Deed of Trust after the Closing Date.

30.     New York Civil Practice, Consolidated Laws of New York, Estates, Powers and Trusts, Art. 7, §7.24, provides that:

"If the trust is expressed in the instrument creating the estate of the trustee, every sale, conveyance or other act of the trustee in contravention of the trust, except as authorized by this article and by any other provision of law, **IS VOID.**" (Emphasis added).

31.     Section 2.01 of the PSA, quoted above, states how assets may be transferred to the trust, and states that, "the Depositor does hereby transfer, assign, set over and other wise convey to the Trustee without recourse ... all the right and interest of the Depositor, including any security interest therein for the benefit of the Depositor, in and to the Mortgage Loans identified in the Mortgage Loan Schedule, the rights of the Depositor under the mortgage purchase agreement; all other assets included or to be included in the REMIC."

32.     Under the PSA, the Depositor is the only entity which could have assigned, transferred and conveyed any mortgage loan to the trustee for this trust. Under the PSA the depositor is Residential Asset Mortgage Products, Inc. Residential Asset Mortgage Products, Inc., did not endorse the Note. In fact, the only endorsements that appear on the Note are endorsements which are undated, and which are signed by Franklin Bank, S.S.B and Residential Funding Corporation. On its face, such endorsements do not meet the requirements of the PSA, and, therefore is no evidence of compliance. Therefore, under New York law, such transfer by endorsement of the Note was and is VOID.

33.     Section 2.01(i) of the PSA requires that, in order for a note to be transferred to the Trust, the note must contain all prior and intervening endorsements showing a complete chain of endorsements from the originator to the Person so endorsing to the  Trustee. In other words, the Note would have to be endorsed to the Depositor Residential Asset Mortgage Products, Inc. which could then endorse the note to the Trustee under the PSA. There is no such endorsement. It is obvious that there are no "prior and intervening endorsements" and no "complete chain of

endorsements from the originator to the Person so endorsing to the Trustee." Therefore, the acquisition of the Note or mortgage in the manner claimed by BNY is specifically prohibited by the PSA and is void.

34.     The BNY and the REMIC Trust Claim that it is the present owner and holder of the indebtedness evidenced by the Note and secured by the Deed of Trust by virtue of its physical possession of the original Note.

35.     However, the Trust does not state when physical possession of the Note was allegedly delivered to the Trust, nor is there any evidence that it was Depositor, who transferred the Note to the Trust.

36.     The attempted assignment by MERS to Defendant BNY was also not valid because on information and belief, MERS was not the holder and did not have authority to assign the Note and/or Deed of Trust. Because the assignment by MERS was not valid Defendant BNY is not and was not the owner and holder of the Note and, therefore, has no right or authority to post the Property for a Trustee's sale.

REMEDIES

37.     Morlock seeks a judgment to determine whether Bank of New York Mellon Trust Company, N.A., Trustee is the owner and holder of the Note and lien, to determine the validity of the lien and to strike and cancel any interest of Defendant BNY in the Deed of Trust as a cloud on Morlock's title to the Property.

38.     A present dispute and controversy exists between Morlock and the Defendant BNY concerning their respective rights, titles, interests, and liens with respect to the Property.

39.     Morlock requests that the Court declare the validity and priority of the respective rights, titles, interests, and liens claimed by the parties in, to and against the Property.

40.     Morlock requests and is entitled to a declaratory judgment declaring that Defendant BNY is not the owner or holder of the Note and Deed of Trust and that any transfer of the Note and Deed of Trust to Defendant was is VOID under the laws of the State of New York for the numerous reasons stated above.

41.     Morlock requests and is entitled to declaratory judgment declaring that Morlock is the equitable and legal owner and title holder of the Property.

42.     Plaintiff has retained the attorney whose name is subscribed to this petition to represent the Plaintiff in this action and has agreed to pay the firm a reasonable fee for the necessary services.  An award of attorney's fees to the Plaintiff would be equitable and just.

WHEREFORE, Morlock, L.L.C., Plaintiff requests that Defendant Bank of New York Mellon Trust Company, N.A., Trustee  be given notice as required by law; that the Court grant all requested relief and that upon final hearing, Plaintiff be granted any other relief as it may show itself justly entitled.

Respectfully submitted,

By:    /s/ Jerry L. Schutza
       Jerry L. Schutza
       State Bar No. 17853800
       11 Greenway Plaza, Suite 2820
       Houston, Texas  77046
       (713) 961-1200
       (713) 961-0941 (Fax)

**ATTORNEY FOR PLAINTIFF**
**MORLOCK, L.L.C**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was sent to opposing counsel and all parties of interest via facsimile, regular and/or certified mail, return receipt requested on November 1, 2012.

*__Via Fax (205) 488-6393__*
Graham W. Gerhardt
One Federal Place
1819 Fifth Avenue, North
Birmingham, AL 35203



*/s/ Jerry L. Schutza*

J:\Klein, David\1858 Augusta\Pleadings\Pls 1st Amended Complaint 11.1.12.wpd