IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MORLOCK, L.L.C. A TEXAS LIMITED LIABILITY COMPANY | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No.: 4:12-cv-1585 |
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., TRUSTEE, | ) ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF ITS RENEWED RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**

**COMES NOW** defendant The Bank of New York Mellon Trust Company, N.A., as Trustee ("BONYM"), and submits this reply brief in further support of its Renewed Rule 12(c) Motion for Judgment on the Pleadings. None of the arguments Plaintiff makes in its opposition provides any basis for denying BONYM's motion.

**A.    Plaintiff's Quiet Title Claim Fails**

Plaintiff has still not set forth sufficient facts to establish its right, title or ownership of the property at issue as required by Texas law. See Bell v. Bank of America Home Loan Servicing, 2012 WL 568755, at *7 (S.D. Tex. Feb. 21, 2012) (citing Wells v. BAC Home Loans Servicing, L.P., 2011 WL 2163987, at *4 (W.D. Tex. Apr. 26, 2011)); Swim v. Bank of America, N.A., 2012 WL 170758, at *8 (N.D. Tex. Jan. 20, 2012). Plaintiff's Opposition simply makes the conclusory assertion that it has "an ownership interest in the property pursuant to a

1

Trustee Deed, dated August 5, 2011." (See Opposition, ¶ 10).[1]  Plaintiff provides no further details regarding this alleged transfer of the property. Given that Plaintiff does not even allege sufficient facts to establish its own interest in the property, Plaintiff falls well short of setting forth sufficient facts to establish <u>superior</u> title to the property—a prerequisite to a quiet title action. See <u>Bell v. Bank of America Home Loan Servicing</u>, 2012 WL 568755, at *7 (S.D. Tex. Feb. 21, 2012) ("A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not the weakness of his adversary's title."); <u>Swim v. Bank of America, N.A.</u>, 2012 WL 170758, at *8 (N.D. Tex. Jan. 20, 2012). Plaintiff's quiet title claim therefore fails.

Furthermore, even if Plaintiff had set forth additional facts regarding the alleged transfer of the property, Plaintiff's quiet title claim would still fail.  Plaintiff's Opposition continues to allege that BONYM "is not the owner and holder of the Note and therefore, has no right to foreclose the lien." (See Opposition, ¶ 14).  In support of this assertion, Plaintiff alleges that BONYM does not have standing to foreclose because Mortgage Electronic Registration Systems, Inc.'s ("MERS") assignment to BONYM was invalid.  (See Opposition, ¶¶ 22-36).

As set forth in BONYM's initial brief, however, Plaintiff does not have standing to challenge the assignment, as it was not even a party to the mortgage loan much less the assignment. See, e.g., <u>Kidd v. Fed. Nat'l Mortg. Ass'n</u>, 2012 WL 4900962, at *2 (N.D. Tex. Oct. 15, 2012); <u>Jasso v. Fed. Nat'l Mortg.</u>, 2012 WL 4018012, at *4 (S.D. Tex. Sep. 12, 2012); <u>Brown v. Countrywide Home Loans, Inc.</u>, 2012 WL 4478300, at *3 (E.D. Tex. Sep. 27, 2012); <u>Mahfoud v. Bank of America, NA</u>, 2012 WL 4512075, at *2 (N.D. Tex. Aug. 31, 2012).

Furthermore, Plaintiff's allegation that MERS could not assign its interest in the mortgage loan is incorrect. As set forth in BONYM's initial brief, the Deed of Trust granted MERS, as the

---

[1] Plaintiff's Opposition states that "[a] copy of the deed is attached," yet no such deed was attached.

beneficiary and holder of legal title to the property at issue, the authority to assign the loan.  (See Deed of Trust, p.2); See Warren v. Bank of America, N.A., 2012 WL 3020075, at *4-5 (N.D. Tex. Jun. 19, 2012) ("MERS had the authority to assign the note and deed of trust because the deed of trust named MERS as a beneficiary and nominee for the original lender and its successors and assigns, and granted it the right to sell and foreclose on the property."); Goines v. CIT Group, Fin., Assignor, 2012 WL 1551712, at *5 (S.D. Tex. May 1, 2012) (same); Brown v. Countrywide Home Loans, Inc., 2012 WL 4478300, at *2 (E.D. Tex. Sep. 27, 2012) (same); Marsh v. JPMorgan Chase Bank, N.A., 2012 WL 3756276, at *4 (W.D. Tex. Aug. 29, 2012) (same).

Finally, and most importantly, attached to BONYM's initial brief was a copy of the original Note (endorsed in favor of JP Morgan Chase Bank, which is now known as BONYM) as well as a copy of the recorded Assignment assigning the Note and Deed of Trust to BONYM. As such, BONYM clearly has superior title and has standing to foreclose. See TEX. PROP. CODE §§ 51.001-51.002.

**B.    Any Claim For Injunctive Relief Should Also Be Dismissed**

Plaintiff does not address its claim for injunctive relief.  However, any claim for injunctive relief fails because all of Plaintiff's substantive legal claims fail.  See, e.g., Hill v. Wells Fargo Bank, N.A., 2012 WL 2065377, at *10 (S.D. Tex. Jun. 6, 2012); Spady v. America's Servicing Co., 2012 WL 1884115, at *5 (S.D. Tex. May 21, 2012).

**WHEREFORE**, for the reasons set forth above and those set forth in BONYM's initial brief, BONYM requests that the Court dismiss Plaintiff's suit with prejudice.

3

Respectfully submitted,

**/s/ Graham Gerhardt**
Graham W. Gerhardt
(Bar No. 24075698)
(S.D. Tex. Admission No. 1138806)
ATTORNEY-IN-CHARGE FOR DEFENDANTS
J. Riley Key
(S.D. Tex. Admission No. 1365897)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

ATTORNEYS FOR BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2012, I served a copy of the foregoing via the Court's electronic filing system upon the following:

Jerry L. Schutza
11 Greenway Plaza, Suite 2820
Houston, Texas 77046

**/s/ Graham Gerhardt**
OF COUNSEL