IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MORLOCK, LLC,<br>　　　Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. H-12-1585 |
| | § | |
| BANK OF NEW YORK MELLON,<br>　　　Defendant. | §<br>§<br>§ | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Leave to File First Amended Complaint ("Motion to Amend") [Doc. # 18] filed by Plaintiff Morlock, LLC, to which Defendant Bank of New York Mellon ("BNY") filed an Opposition [Doc. # 24]. Plaintiff neither filed a reply nor requested additional time to do so. Having reviewed the record and relevant legal authorities, the Court **denies** the Motion to Amend.

Plaintiff filed this lawsuit asserting that it is the owner of property located at 1958 Augusta, Houston, Texas. Morlock does not explain in the original complaint the basis for its claim of ownership. Instead, Plaintiff alleges that Mingfeng Zhu and Tsan Hung Timothy So executed a Deed of Trust to secure a loan from Franklin Bank, SSB, and that the Deed of Trust was allegedly assigned to BNY by the Mortgage Electronic Registration Systems ("MERS"). Plaintiff alleges that it "has been

advised" that BNY has posted the property for a Substitute Trustee's Sale under the Deed of Trust in April 2012. Plaintiff alleges that it was not given notice and, therefore, the notice of sale was invalid.

At the initial scheduling conference on August 10, 2012, the Court ordered BNY to provide to Morlock a copy of the original note and affidavit of chain of title by September 24, 2012. BNY provided the documents as directed on the September 24, 2012 deadline. Plaintiff was ordered to file an Amended Complaint by October 8, 2012. Plaintiff failed to do so. Instead, on November 1, 2012, Plaintiff filed its Motion to Amend, which is now ripe for decision.

Where the Court has established a deadline for amendments to pleadings, Federal Rule of Civil Procedure 16(b)(4) provides the standard for requests to amend after that deadline has expired. *See E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333-34 (5th Cir. 2012); *Marathon Financial Ins., Inc. v Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). "Rule 16(b) provides that once a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.'" *Marathon*, 591 F.3d at 470 (quoting FED. R. CIV. P. 16(b). Rule 16(b) requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d

533, 535 (5th Cir. 2003)).  To determine whether the moving party has established good cause, the Court considers the following four factors:  "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)); *see also Serv. Temp*, 679 F.3d at 334.

Plaintiff's explanation for its failure to file the amendment by the Court's deadline does not show good cause.  Plaintiff claims that it believed BNY would fail to comply with the Court's order to provide the note and the affidavit and, therefore, Plaintiff did not review the documents and affidavit provided by BNY on September 24, 2012.  Indeed, Plaintiff admits that it did not review the documents until October 24, 2012, a month after they were provided to Plaintiff.

The importance of the proposed amendment is minimal because it would be subject to dismissal.  Plaintiff seeks to amend to add a claim that the assignment of the loan to BNY was void under New York law because it lacked certain endorsements in violation of the Pooling and Servicing Agreement ("PSA").  Plaintiff, who is not a party to the PSA, lacks standing to challenge the manner in which the loan on the subject property was transferred to BNY.  *See, e.g., Abruzzo v. PNC Bank, N.A.*, 2012

WL 3200871, *2 (N.D. Tex. Jul. 30, 2012), *Kiggundu v. Mortg. Elec. Registration Systems, Inc.*, 2011 WL 2606359, *4 (S.D. Tex. Jun. 30, 2011).

The potential prejudice to BNY if the amendment were allowed is significant. BNY would be required to file a motion to dismiss and, if Plaintiff filed a response, to file a reply. This would increase BNY's expenses in this case and, perhaps more importantly, would delay final resolution of this lawsuit and final completion of BNY's right to foreclose. The Court notes that Plaintiff admits that BNY has actual possession of the original note and deed of trust.

Because any additional delay is prejudicial to BNY, the availability of a continuance would not avoid the prejudice.

Plaintiff has failed to establish good cause for its failure to comply with the Court's order to file its Amended Complaint by October 8, 2012. As a result, it is hereby

**ORDERED** that Plaintiff's Motion to Amend [Doc. # 18] is **DENIED**.

SIGNED at Houston, Texas, this 27th day of **November, 2012.**

_____
Nancy F. Atlas
United States District Judge