IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MORLOCK, LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-1585 |
| | § | |
| BANK OF NEW YORK MELLON, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff Morlock, L.L.C., a Texas Limited Liability Company ("Morlock"), brought this foreclosure suit in the 55th Judicial District Court of Harris County, Texas. Defendant Bank of New York Mellon ("BONYM") removed the action to this Court.[1] Defendant now has filed a Renewed Rule 12(c) Motion for Judgment on the Pleadings [Doc. # 15] ("Motion").[2] Plaintiff has filed a Response [Doc. # 20] and Defendant filed a Reply [Doc. # 23]. Having considered the Motion, the applicable legal authorities, and all matters of record, the Court concludes that the Motion should be **granted**.

---

[1] Notice of Removal [Doc. # 1].

[2] Defendant previously had filed a motion for judgment on the pleadings, *see* Doc. # 5, which the Court denied without prejudice at a conference on August 10, 2012. *See* Doc. # 14.

## I.    BACKGROUND

Plaintiff Morlock filed this suit in the 55th Judicial District Court of Harris County, Texas, on April 2, 2012.[3]  Plaintiff alleges in its Petition that it is the "owner" of property located at 1958 Augusta, Houston, Texas (the "Property"), but the Petition does not explain the basis for its claim of ownership.  In its Response to the pending Motion, Plaintiff claims that he has an "ownership interest" in the property pursuant to a Trustee's Deed dated August 5, 2011.[4]

Plaintiff's Petition acknowledges that, on February 9, 2006,  Mingfeng Zhu and Tsan Hung Timothy So ("Borrowers") executed and delivered a Deed of Trust to secure a loan from Franklin Bank, SSB ("Lender").[5]  The Deed of Trust provided that Mortgage Electronic Registration System ("MERS") was the beneficiary of the Deed of Trust and was acting solely as nominee for the Lender and Lender's successors and assigns.  The Petition states that MERS "allegedly" assigned the Deed of Trust to Defendant BONYM.[6]

---

[3]    Plaintiff's Original Petition and Application for Temporary Restraining Order (Exhibit A to Notice of Removal) ("Petition").

[4]    Response, at 4.  The referenced Trustee's Deed is not in the record before this Court.

[5]    Deed of Trust (Exhibit B to Motion).  *See* Note (Exhibit A to Motion).

[6]    Defendant BONYM has produced an Assignment of Deed of Trust, dated January 19, 2012, transferring all beneficial interest in the Deed of Trust to BONYM.  Assignment of Deed of Trust (Exhibit C to Motion) ("Assignment").

Plaintiff Morlock alleges that Defendant BONYM posted the Property for sale (then scheduled for April 3, 2012)  and that Morlock received no notice of the sale, despite its purported ownership of the Property.  Morlock further alleges that the Deed of Trust and Assignment are invalid because MERS was not the holder of the original Note secured by the Deed of Trust, and thus MERS had no authority to endorse the Note and execute the Assignment to Defendant.   Based upon these allegations, Morlock asserts that Defendant had no right or authority to post the Property for sale. Morlock "seeks a judgment which strikes and cancels any interest that [BONYM] has in the Deed of Trust as a cloud on Morlock's title to the Property."[7]

On May 24, 2012, Defendant BONYM removed the lawsuit to this Court and filed an Answer [Doc. # 3]. On July 6, 2012, Defendant filed a motion for judgment on the pleadings.[8]  Plaintiff filed a response, and Defendant replied.  On August 10, 2012, at the initial pre-trial conference, the Court denied Defendant's motion without prejudice.[9]  The Court ordered that, on or before September 24, 2012,  Defendant was to provide Plaintiff with a copy of the original Note and an affidavit regarding chain of title.  Plaintiff was given until October 8, 2012, to file an amended complaint.

---

[7]     Petition, at 2.

[8]     Rule 12(c) Motion for Judgment on the Pleadings [Doc. # 5].

[9]     Hearing Minutes and Order, dated Aug. 10, 2012 [Doc. # 14].

Plaintiff did not file amended pleadings by the October 8, 2012, deadline.[10]  On
October 11, 2012, Defendant filed its Renewed Rule 12(c) Motion for Judgment on
the Pleadings [Doc. # 15], now pending before the Court.

## II.   RULE 12(C) STANDARD

Defendant moves to dismiss this suit under Rule 12(c), which provides, "After
the pleadings are closed—but early enough not to delay trial—a party may move for
judgment on the pleadings."[11]  The legal standards governing a motion under Rule
12(c) are the same as those governing a motion under Rule 12(b)(6).[12]

Traditionally, courts view with disfavor a motion to dismiss under Rule
12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.[13]  The

---

[10]   On November 1, 2012, the same day that Plaintiff filed its Response to the pending
Motion, Plaintiff filed a Motion for Leave to File First Amended Complaint [Doc.
# 18] and a proposed First Amended Complaint [Doc. # 19].  The Court denied leave
to amend on November 27, 2012, holding that Plaintiff had not shown good cause for
its failure to comply with the Court's deadline for amended pleadings, and
furthermore that Plaintiff lacked standing to bring the claim added by the proposed
amended pleadings.  *See* Memorandum and Order [Doc. # 25], at 3 (Plaintiff, who is
not a party to the Pooling and Service Agreement, lacks standing to bring a claim that
the assignment of the loan to Defendant was void under New York law because the
assignment lacked certain endorsements in violation of the Pooling and Service
Agreement).

[11]   FED. R. CIV. P. 12(c).

[12]   *Chauvin v. State Farm Fire & Cas. Co.*, 495 F.3d 232, 237 (5th Cir. 2007); *Johnson
v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

[13]   *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State
Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)); *Lormand v. US Unwired,*

Supreme Court has explained that in considering a motion to dismiss under Rule 12(b)(6), a complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true.[14]   However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[15]   The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[16] When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to a claim to relief.[17]   This determination of plausibility is a context-specific task that requires the court to draw on its judicial experience and common sense.[18]

_____

*Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005).

[14]   *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Harrington*, 563 F.3d at 147.

[15]   *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

[16]   *Id*. (quoting *Twombly*, 550 U.S. at 570); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).

[17]   *Iqbal*, 129 S. Ct. at 1950.

[18]   *Id.*

In considering a motion to dismiss, a court ordinarily must limit itself to the contents of the pleadings and attachments thereto.[19]  Documents "that a defendant attaches to a motion to dismiss are [also] considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."[20]  "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated."[21]  These presumably are documents whose authenticity no party questions.[22]

### III.  ANALYSIS

Plaintiff Morlock brings suit to quiet title on the Property.  To recover on a claim to quiet title, a plaintiff must prove that it has superior claim to the property over

---

[19]  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)).

[20]  *Id.* at 498-99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *see Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003).

[21]  *Collins*, 224 F.3d at 499.

[22]  *See Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed.2004)).

the defendant.[23]  Under Texas law, a plaintiff must prove the following elements:  (1) the plaintiff has a valid equitable interest in a specific property; (2) the plaintiff's title to the property is affected by a claim by the defendant; and (3) although facially valid, defendant's claim is invalid or unenforceable.[24]  A suit to quiet title "relies on the invalidity of the defendant's claim to the property" and "exists to enable the holder of the feeblest equity to remove from his way to legal title any *unlawful hindrance* having the appearance of better right."[25]  However, a plaintiff in a suit to quiet title may not simply rely on the weakness of his adversary's title, but "must prove and recover on the strength of his own title."[26]

---

[23]   *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012) (citing *Hahn v. Love,* 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009)).

[24]   *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, 2012 WL 3187918, at *3 (S.D. Tex. Aug. 2, 2012) (Lake, J.) (citing, *inter alia*, *Sadler v. Duvall*, 815 S.W.2d 285, 293 n. 2 (Tex. App.–Texarkana 1991, pet. denied)); *Bell v. Bank of Am. Home Loan Servicing LP*, 2012 WL 568755, at *7 (S.D. Tex. Feb. 21, 2012) (Ellison, J.) (citing, *inter alia*, *U.S. Nat. Bank Ass'n v. Johnson*, 2011 WL 6938507, at *3 (Tex. App.–Hou. [1st Dist.], Dec. 30, 2011)).

[25]   *Essex*, 371 S.W.3d at 388 (internal quotation marks and citations omitted) (emphasis added).

[26]   *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi  2001).

In its Petition, Plaintiff makes only a bare allegation that it is the "owner" of the Property, without any further information.[27]  The Note and Deed of Trust do not refer to Plaintiff Morlock.  In its Response to the pending Motion, Plaintiff states:

> Morlock had an ownership interest in the property pursuant to a Trustees [sic] Deed, dated August 5, 2011.  A copy of the deed is attached.[28]

However, no deed (or any other exhibit) was attached to the Response.

For purposes of this Motion, the Court will assume, without deciding, that Plaintiff has sufficiently alleged a valid interest in the Property, the first element in a suit to quiet title.   Plaintiff's claim to quiet title nevertheless fails on the third element, *i.e.*, an allegation that Defendant's claim to the Property is invalid or unenforceable.

Defendant BONYM argues that it has superior title to the Property, citing the Assignment of Deed of Trust.  Under the terms of the Assignment, dated January 19, 2012, MERS assigned "all beneficial interest under [the Deed of Trust] . . . together with the Promissory Note secured by said Deed of Trust and also all rights accrued or to accrue under said Deed of Trust" to BONYM.[29]

---

[27]     Petition (Exhibit A to Notice of Removal).

[28]     Response, at 4.

[29]     Assignment (Exhibit C to Motion).  *See* Note (Exhibit A to Motion); Deed of Trust (Exhibit B to Motion). These documents, attached to the motion to dismiss, may properly be considered because they are referred to in the pleadings and are central

Plaintiff argues that the Assignment was invalid because "MERS cannot transfer the Note or any note."[30]   A plaintiff has no standing to challenge such assignments "unless [the plaintiff] become[s] a party, agent or assignee of a party, or a third-party beneficiary of the agreement."[31]   Plaintiff has not alleged that it was a party to the Assignment, nor has it alleged that it was an agent or assignee of a party to the Assignment or a third-party beneficiary of the Assignment.   However, even assuming Plaintiff has standing to challenge the Assignment, its argument is foreclosed by the Deed of Trust itself, which states:

> The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. . . . Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and ***to take any action required of Lender*** including, but not limited to, releasing and canceling this Security Instrument.[32]

---

to the plaintiff's claim.  *See Collins*, 224 F.3d at 498-99.

[30]   Response, at 5.

[31]   *Morlock*, 2012 WL 3187918, at *5 (collecting cases).

[32]   Deed of Trust, at 2 (emphasis added).

The Deed of Trust therefore establishes MERS' authority to assign the Deed of Trust, and to take "any action" required of lender.[33]  Plaintiff raises no valid challenge to the Assignment, by which MERS assigned both the Deed of Trust and the Note to BONYM.[34]

Plaintiff's factual allegations are insufficient as a matter of law under Rule 12(b)(6) and applicable legal authorities to state a claim to quiet title.[35]  Defendant's Motion for Judgment on the Pleadings is granted.

## IV.   **CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED** that Renewed Rule 12(c) Motion for Judgment on the Pleadings [Doc. # 15]  is **GRANTED**.

A separate final judgment will issue.

---

[33]   *See Morlock*, 2012 WL 3187918, at *5; *Goines*, 2012 WL 1551712, at *4-5; *Bell*, 2012 WL 568755, at *4.

[34]   To the extent Plaintiff intends to argue that the Assignment of the Deed of Trust did not validly transfer the Note, such a "split the note" theory has been rejected by the courts.  *Bell*, 2012 WL 568755, at *4.  *See DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 623 (N.D. Tex. 2011) ("a transfer of an obligation secured by a note also transfers the note because the deed of trust and note are read together to evaluate their provisions"); *CA Partners v. Spears,* 274 S.W.3d 51, 66 n. 9 (Tex.App.-Houston [14th Dist.], 2008) (citing *Jones v. Kelley,* 614 S.W.2d 95, 98 (Tex.1981)).

[35]   *See Iqbal*, 129 S. Ct. at 1949-50; *Harrington*, 563 F.3d at 147.

SIGNED at Houston, Texas, this **30<u>th</u>** day of **November, 2012.**

Nancy F. Atlas
United States District Judge